UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ABUBAKAR IDDRISU,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

Case No. 5:26-cv-05635-FLA (DSR)

**ORDER GRANTING IN PART PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. 10]**

On September 24, 2026, Petitioner Abubakar Iddrisu ("Petitioner," A# 209-082-287) filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement. Dkt. 1. That same day, Petitioner filed the subject Ex Parte Application for Temporary Restraining Order and Order to Show Cause ("Application"), requesting the court: (1) enjoin Respondents from transferring Petitioner out of this District pending final resolution of this action; (2) order that Petitioner not be removed to Sierra Leone or a third country without a full and fair hearing to seek withholding of removal and Convention Against Torture protection before a neutral adjudicator; (3) order Petitioner's immediate release due to Respondents' failure to provide

Petitioner with a pre-detention hearing before his re-arrest; and (4) issue an order to show cause why a preliminary injunction should not issue. Dkt. 10 at 3–4. Respondents have not filed a response to the Application as of the date of this Order.

Having reviewed and considered the Application and finding good cause therefor, the court GRANTS the Application in part and ORDERS that Petitioner shall not be removed from the United States during the pendency of the subject habeas proceedings, absent further order by this court. *See Cal. Energy Comm'n v. Johnson*, 767 F.2d 631, 634 (9th Cir. 1985) ("The All Writs Act, 28 U.S.C. § 1651(a), empowers the federal courts to issue writs of mandamus necessary to protect their prospective jurisdiction."); *see also Belbacha v. Bush*, 520 F.3d 452, 455–56 (D.C. Cir. 2008) ("If a case presents a 'substantial' jurisdictional question, then under the All Writs Act, 28 U.S.C. § 1651, a district court may act to preserve its jurisdiction while it determines whether it has jurisdiction.").

Further, given Petitioner's interest in participating in further proceedings before this court and maintaining adequate access to legal counsel throughout the duration of these proceedings, it is ORDERED that Petitioner shall not be transferred outside this District, absent further order by this court. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) (holding "the District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief"). The Application is otherwise DENIED for failure to establish imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule. *See* Dkt. 7 at 5–6.

IT IS SO ORDERED.

Dated: September 28, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge